**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

OTIS MILLER, JR.,

        Appellant,

      v.

DEPARTMENT OF THE NAVY,

        Agency.

DOCKET NUMBER
AT-3443-11-0083-X-1

DATE: August 15, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Otis Miller, Jr.</u>, Pensacola, Florida, pro se.

<u>Sandra J. Morris</u>, Esquire, Pensacola, Florida, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1     On May 30, 2012, the administrative judge issued a recommendation that the Board find the agency in noncompliance with the Board's February 16, 2012

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

Opinion and Order, and the matter was referred to the Board for consideration.[2] MSPB Docket No. AT-3443-11-0083-I-1, Compliance Referral File (CRF), Tab 1; *see* 5 C.F.R. § 1201.183 (Jan. 1, 2012).  In its Opinion and Order, the Board found that the appellant suffered an appealable reduction in grade when his position was converted from the National Security Personnel System (NSPS) to the General Schedule (GS), and he was not afforded minimum due process. *Miller v. Department of the Navy*, 117 M.S.P.R. 393, 395 (2012).  Prior to the implementation of NSPS, the appellant was a GS-0343-12 Program Analyst.  *Id.* at 394.  Under NSPS, his position was converted to a YA-0343-02 Program Analyst position, and he was subsequently reassigned to a YA-1750-02 Instructional Systems Specialist position.  *Id.*  After NSPS was repealed, the agency converted the appellant's position to a GS-1750-11 Instructional Systems Specialist.  *Id.*  The Board directed the agency to "restore the appellant to the GS-12 grade with no reduction in pay, effective September 26, 2010."  *Id.* at 395.

¶2      Subsequent to the Board's Opinion and Order, the agency placed the appellant in a supervisory GS-12 position, rather than restoring him to the nonsupervisory GS-0343-12 Program Analyst position that the appellant held prior to his original conversion into the NSPS pay system.  CRF, Tab 1 at 2.  The administrative judge found that this action did not restore the appellant to the status quo ante that existed prior to the wrongful employment action, and that the agency had not established a strong overriding interest to support its decision to restore the appellant to a different GS-12 position.  *See id.* at 4.  Therefore, the administrative judge recommended that the agency comply with the Board's Opinion and Order by restoring the appellant to his prior position of Program Analyst, GS-0343-12.  *See id.* at 5-6.

---

[2] Except as otherwise noted in this decision, we have applied the Board's regulations that became effective November 13, 2012.  We note, however, that the petition for enforcement in this case was filed before that date.  The revisions to 5 C.F.R. § 1201.183 do not affect our consideration of the merits of this compliance proceeding.

¶3        On June 13, 2012, the agency submitted evidence that it had restored the appellant to the GS-0343-12 Program Analyst position that he encumbered immediately prior to the agency's conversion to NSPS.  CRF, Tab 3.

¶4        On June 20, 2012, the appellant responded to the agency's submission, arguing that the position he encumbered prior to the implementation of NSPS no longer existed and that various duties previously assigned to that position had been reassigned to other positions.  CRF, Tab 4.  He further argued that restoring him to the Program Analyst position would cause undue interruption and administrative hardship within the agency and that it had created a hostile work environment because the employee he displaced from that position resented having to learn a new job.  *See id.*  Finally, the appellant argued that the agency could have reassigned him to a newly-created Program Analyst position instead of displacing an existing employee from the appellant's previously-held position and that he believed that the agency's refusal to do so constituted retaliation.  *See id.*

¶5        The agency responded on June 21, 2012, stating that the appellant's former GS-0343-12 Program Analyst position did exist and attaching evidence indicating that the appellant had been returned to that position.  CRF, Tab 5 at 2.  The agency stated that the position to which the appellant was returned has the same position description as the position he previously held.  *Id.*[3]

¶6        After considering the evidence of compliance presented by the agency, we find that the agency has complied with the Board's Opinion and Order.  The Board ordered the agency to restore the appellant to the GS-12 grade with no reduction in pay, effective September 26, 2010.  *See Miller v. Department of the*

---

[3] On May 6, 2013, the agency filed a motion to dismiss, stating that appellant had retired from federal service on October 31, 2012, and arguing that the instant matter was therefore moot.  CRF, Tab 7.  We reject the agency's argument that this case is now moot due to the appellant's retirement.  The Board has held that an appeal may be dismissed as moot only when the employee has received all of the relief he could have received if the matter had been adjudicated and he had prevailed.  *Haskins v. Department of the Navy*, 106 M.S.P.R. 616, 624 (2007).  Therefore, the mere fact of the appellant's retirement does not cause this case to be moot.

*Navy*, [117 M.S.P.R. 393](), 395 (2012). In situations where the Board finds a personnel action unwarranted, the aim is to place the appellant as nearly as possible in the situation he would have been in had the wrongful personnel action not occurred. *See Tubesing v. Department of Health & Human Services*, [112 M.S.P.R. 393](), ¶ 5 (2009). A return to the status quo ante requires that the agency place the appellant in a position with all the essential privileges of his previous position. *Black v. Department of Justice*, [85 M.S.P.R. 650](), 653 (2000). However, the Board does not require perfect consistency with all aspects of an appellant's pre- and post-personnel action positions. *Id.* Rather, the crucial determination is whether the actual duties and responsibilities of the position to which the appellant returned are either the same or substantially equivalent in scope and status to the duties and responsibilities of the position he originally held. *Blackmer v. Department of Navy*, [47 M.S.P.R. 624](), 629 (1991).

¶7        Here, the agency has produced Standard Form 50s and a position description indicating that the appellant was restored to the position of GS-0343-12 Program Analyst effective September 26, 2010. CRF, Tabs 3 and 5. The new position has the same title, occupational series, pay plan, grade level, and location as the appellant's prior position. *Compare* CRF Tab 5 at 10, *with* CRF, Tab 5 at 11. In addition, the position description for the two positions has remained the same with only minor edits relating to the NSPS conversion. *See* CRF Tab 5 at 5, 12-16.

¶8        The appellant argues that certain functions of the position were reassigned to other positions prior to the termination of NSPS. CRF, Tab 4, at 4. Specifically, the appellant states that the F/A-18 IPT Lead position has now been reassigned to a GS-11 position. *Id.* In response, the agency denies that the F/A IPT Lead duties have been reassigned and asserts that the appellant is still responsible for these duties in his new position. CRF, Tab 5 at 5. The agency states that the position has evolved in the 3 years since the appellant held the position, and now includes management of a second platform. *Id.* Because the

appellant has not presented evidence to establish that the position is no longer substantially equivalent to his prior position, and, in light of the evidence provided by the agency, we find that the appellant has been returned to the status quo ante position he occupied prior to the agency's unwarranted personnel action.

¶9        As to the appellant's argument that his return to the GS-12 Program Analyst position has created administrative hardship in the agency (CRF, Tab 4 at 4), we find that he is not in a position to assert hardship on behalf of the agency. Therefore, we reject this argument.

¶10        In light of the agency's evidence of compliance, we find the agency in compliance and DISMISS the petition for enforcement.  This is the final decision of the Merit Systems Protection Board in this compliance proceeding. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

## NOTICE TO THE APPELLANT REGARDING
## YOUR RIGHT TO REQUEST
## ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs.  To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g).  The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203.  If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION.  You must file your attorney fees motion with the office that issued the initial decision on your appeal.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request the United States Court of Appeals for the Federal Circuit to review this final decision.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                 _____
                                         William D. Spencer
                                         Clerk of the Board

Washington, D.C.